UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | Claim No: 2000A13558/2000A13785 |
| vs. | § § | |
| Ronald E. Sexton | | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident Oakland County, Michigan within the jurisdiction of this Court and may be served with service of process at 842 Bloomfield Village Blvd., Apt. A, Auburn Hills, Michigan 48326.

### The Debt

#### First Cause of Action - Claim Number: 2000A13558

3. The debt owed the USA is as follows:

| | |
|---|---:|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $1,373.38 |
| B. Current Capitalized Interest Balance and Accrued Interest | $1,855.56 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| D. Credits previously applied *(Debtor payments,* | $0.00 |

*credits, and offsets)*

| | |
|---|---:|
| E. Attorneys fees | $0.00 |
| **Total Owed – Claim Number 2000A13558** | **$3,228.94** |

Second Cause of Action - Claim Number: 2000A13785

4. The debt owed the USA is as follows:

| | |
|---|---:|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $2,844.21 |
| B. Current Capitalized Interest Balance and Accrued Interest | $5,155.71 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |
| E. Attorneys fees | $0.00 |
| **Total Owed – Claim Number 2000A13785** | **$7,999.92** |

**TOTAL OWED (Claim Numbers 2000A13558 and 2000A13785) $11,228.86**

The Certificates of Indebtedness, attached as Exhibit "A" and "B", show the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the respective Certificates of Indebtedness, are correct as of the date of the Certificates of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 9.130% per annum or $0.34 per day on Claim Number 2000A13558 and 10.000% per annum or $0.78 per day on Claim Number 2000A13785.

<ins>**Failure to Pay**</ins>

5. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 and 4 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

By: s/Charles J. Holzman (P35625)
Holzman Corkery, PLLC
Attorneys for Plaintiff
Tamara Pearson (P56265)
28366 Franklin Road
Southfield, Michigan 48034
(248) 352-4340
usa@holzmanlaw.com

## U. S. DEPARTMENT OF EDUCATION
## SAN FRANCISCO, CALIFORNIA

### CERTIFICATE OF INDEBTEDNESS

Ronald E. Sexton
N/A
26612 Ridgefield
Warren, MI 48089

SSN:

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 03/10/99.

On or about 06/28/88, the borrower executed promissory note(s) to secure loan(s) of $1,004.00 from Central Bank & Trust – Lander, WY at 9.13% percent interest per annum. This loan obligation was guaranteed by United Student Aid Funds, Inc. and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 02/18/91, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $1,373.38 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 08/04/93, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $1,373.38 |
| Interest: | $ 864.49 |
| Administrative/Collection Costs: | $ 0.00 |
| Late fees: | $ 0.00 |
| Total debt as of 03/10/99: | $2,237.87 |

Interest accrues on the principal shown here at the rate of $0.34 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 4/1/99         Name: _____
                            Title:   Loan Analyst
                            Branch: Litigation Branch

**HIGHER EDUCATION ASSISTANCE FOUNDATION**
P.O. BOX 64107 • ST. PAUL, MN 55164-0107

**FOR STUDENTS (SLS) APPLICATION/PROMISSORY NOTE**

## SECTION A - TO BE COMPLETED BY BORROWER (PRINT IN INK—PRESS FIRMLY—OR TYPE)

1. NAME (NO NICKNAMES): LAST: Sexton  FIRST: Ronald  M.I.: E
2. SOCIAL SECURITY NUMBER: —
3. WHEN WERE YOU BORN? —
4. PERMANENT ADDRESS: 26612 Ridgefeild
   CITY: Warren  STATE: MI  ZIP: 48089
5. PERMANENT HOME PHONE: (313) 755-4021
6. U.S. CITIZENSHIP STATUS: [X] 1 U.S. Citizen or National
7. PERMANENT RESIDENT OF WHICH STATE: MI
8a. DRIVER LICENSE NUMBER: —
8b. STATE IN WHICH LICENSE ISSUED: MI
9. ADDRESS OF BORROWER WHILE IN SCHOOL: 26612 Ridgefield, Warren, MI 48089
10. PHONE AT SCHOOL ADDRESS: (313) 758-7700
11. MAJOR COURSE OF STUDY: 15
12. LOAN AMOUNT REQUESTED: $1004.00
13. PERIOD LOAN WILL COVER: FROM 7-5-88 TO 8-__-88
14a. DO YOU HAVE ANY PRIOR UNPAID SLS (ALAS) LOANS? [X] NO (GO TO 18)
18. HAVE YOU EVER DEFAULTED ON A GSL, SLS (ALAS), PLUS, PERKINS, CONSOLIDATED, OR INCOME CONTINGENT LOAN? [X] NO

REFERENCES:
- 19a. NAME: Dan Henson  STREET: 31776 Schoenherr  CITY, STATE, ZIP: Warren, MI 48089
- 19b. NAME: Tom Henson  STREET: 11825 Diehl  CITY, STATE, ZIP: St. Hghts, MI 48077
- 19c. NAME: Sherri Sexton  STREET: 325 N Groesbeck Apt  CITY, STATE, ZIP: Mt. Clemens, MI 480__

20. IF YOU QUALIFY FOR A DEFERMENT... [X] YES
21. [X] ACCRUE; CAPITALIZE

22a. SIGNATURE OF BORROWER: Ron E Sxtn / Ronald E Sxtn
22b. DATE BORROWER SIGNED: 6/28/88

## SECTION B - TO BE COMPLETED BY SCHOOL

23. NAME OF SCHOOL: IITR INC
24. ADDRESS: 2943 E 8 Mile Road, Warren, MI 48091
25. PHONE: (313) 758-7700
26. SCHOOL CODE: 025556
27. SCHOOL BRANCH: 02
29. PERIOD LOAN WILL COVER: FROM 7/5/88 TO 8/26/88
30. STUDENT'S GRADE LEVEL: [X] 1 CORRESP
31. ANTICIPATED GRADUATION DATE: 8/26/88
32. STUDENT'S ENROLLMENT STATUS: [X] 1 FULL-TIME UNTIL: 5/26/88
33. STUDENT STATUS: [X] INDEPENDENT
34. COST OF ATTENDANCE FOR LOAN PERIOD: $3629
35. ESTIMATED FINANCIAL AID FOR LOAN PERIOD: $2625
36. DIFFERENCE (ITEM 34 LESS ITEM 35) OR LEGAL MAXIMUM: $1004
37. SUGGESTED DISBURSEMENT DATES: 1ST DISB: as soon as possible
38. DO SUGGESTED DISBURSEMENT DATES CORRESPOND TO SCHOOL TERMS? [X] YES
39. WILL THE STUDENT ATTEND A FOREIGN SCHOOL? [X] NO
41a. SIGNATURE OF SCHOOL OFFICIAL: N. Karim
41b. DATE SIGNED: 7/6/88
41c. PRINT NAME AND TITLE: N. KARIM, F.A.O.

## SECTION C - TO BE COMPLETED BY LENDER

42. NAME OF LENDER: Central Bank & Trust
43. ADDRESS: P.O. Box 69
    CITY, STATE, ZIP: Lander, WY 82520
44. LENDER CODE: 812068
48. DISBURSEMENT DATE: 7/21/88  AMOUNT: $1,00_
49. TOTAL LOAN AMOUNT APPROVED: $1,004
50. NUMBER OF MONTHLY INSTALLMENTS: 21
51. DUE DATE OF FIRST PAYMENT: 9/26/88
54a. SIGNATURE OF LENDING OFFICIAL: [signature]
54b. DATE SIGNED: 7/07/88
54c. PRINT NAME AND TITLE: Scott J Brewster

## SECTION D - TO BE COMPLETED BY HEAF

1353
SLS-F0353A 2-88

# SLS PROMISSORY NOTE

## A. PROMISE TO PAY

The Interest and Guarantee Fee rates and terms (mentioned in the Promise to Pay on the front of this application/promissory note) are:

1. Interest. For a PLUS or SLS loan disbursed prior to July 1, 1987, the interest may be 9, 12, or 14 percent. For loans disbursed on or after July 1, 1987 the interest will be equivalent to interest on the Loan Amount shown on the front of this application/promissory note, at a variable rate not to exceed 12 percent per year. The interest rate will be determined annually and will be disclosed to me prior to disbursement of my loan. The interest rate for any year will be the rate published for that year by the U.S. Department of Education for... PLUS and SLS loans.

2. Guarantee Fee.
HEAF may charge a fe...
law, applicable regulati...
Fee will be deducted fr...
except for the amount a...
the lender's option, be a...
statement will show the...

## B. DISCLOSURE

I understand that before...
statement that identifies...

## C. GENERAL

I understand that the le...
Higher Education Assist...
and the terms of this Pro...
of the Higher Education...
under the Act, and the R...
law, this Note shall be go...

## D. REPAYMENT

1. I understand I can eit...
immediately. These optio...
front of this application/pr...
Deferred Repayment. If I...
reasons explained under...
the repayment period on...
due within 60 days of disb...
at my lender's option, an...
statement:
a. be paid by me in install...
b. accrue and be added to...
quarterly, in accordance w...
I will contact the lender pri...
of repayment. If I neglect t...
the guidelines set forth in F...
my lender must inform me...
to the lender.
Immediate repayment. If I...
interest within 60 days of d...

2. I will repay this loan with...
generally lasts at least 5 ye...
to these rules apply:
a. The lender may require...
ensure that during each ye...
GSLP, PLUS or SLS progra...
least $600 or the unpaid pri...
b. If I qualify for any deferme...
grants "forbearance", those...
tioned above.

3. The particular terms and conditions of repayment that apply to this loan will be set forth in the loan disclosure statement that the lender will provide to me.

4. My obligation to repay this loan shall be cancelled if I die or become totally and permanently disabled.

## E. PREPAYMENT

At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment, I will be entitled to a refund of any unearned interest which I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

## F. DEFERMENT OF PAYMENT

In certain instances authorized by the Act, the payments of principal I am required to make as described under Repayment in this Note may be deferred. The instances currently authorized by the Act are described under Deferment in the HEAF application information booklet. If I seek such deferment, I agree to comply with the relevant federal regulations and the Rules and Regulations of HEAF, including without limitation submission of required forms to the lender. I will remain responsible for payment of interest during any period of deferment which my lender may, (a) collect on a periodic basis, or (b) add to the principal balance of the loan.

## G. FORBEARANCE

I am unable to repay this loan in accordance with the terms established under Repayment in this Note, I may request the lender to modify these terms. I understand that such modification would be at the lender's option and would have to be in compliance with the Act, federal regulations adopted under the Act and the Rules and Regulations of HEAF. I understand that a modification of repayment terms under this Section is different from Deferment described in this Note and that during this period I will remain responsible for payment of interest, which the lender may (a) collect from me on a periodic basis or (b) add to the prin-
al b...

## H. DEFAULT

1. Definition–I understand that under the Act, and HEAF Rules and Regulations, any of th following events is a default:
a. failing to make any installment payment when due, provided that this failure persists fo 180 days for a loan repayable in monthly installments or 240 days for a loan repayable i less frequent installments;
b. making any false representation for the purpose of obtaining this loan;
c. using the loan proceeds for other than educational purposes;
d. failing to enroll in the school that completed the application for the time identified as m loan period;
e. not notifying the lender immediately if I (a) drop to less than a half-time student, (b) chang ange my name, or (d) change my permanent address.

It–If I default on this loan:
the entire unpaid amount of the loan, including interest, immedi

uaranty agency may disclose to schools I have attended (or am ation about the default;

ive assistance from all Title IV programs and any of the followin nt, Supplemental Educational Opportunity Grant, College Work tive Grant, Perkins Loan (formerly called National Direct Studen Loan (GSL), Supplemental Loan for Students (SLS), PLUS loans,

enefits described under Repayment and Deferment in this Note; and other costs, including attorney's fees, that are permitted by for the collection of these amounts. If this loan is referred for It is subject to the Fair Debt Collection Practices Act, I will pay 25 percent of the unpaid principal and accrued interest. Declaring due and payable is at the option of the lender, which it may do plicable notice and other requirements of law. Failure to exercise ute a waiver of the lender's right to exercise the option at a later

s Note to HEAF. I will then be required to pay HEAF all amounts

r may collect from me a late charge if I fail to pay all or part of a It within 10 days after it is due or if I fail to provide written evi ity to have the payment deferred as described under Deferment ay not exceed 6 cents for each dollar of each late installment.

## NOTIFICATION

mount of this loan and its repayment will be reported to one or tions. If I default on this loan, the lender, holder or guaranty fault to credit bureau organizations. This may significantly and obtain other credit.

y agency must notify me at least 30 days in advance that infor e disclosed to credit bureau organizations unless I enter into the 30 days.

ely response to a request from any credit bureau organization aise with that organization about the accuracy and complete bout me.

## CATION

jury under the laws of the United States of America that the I, the borrower, certify that the information contained in my complete and correct to the best of my knowledge and belief my lender's option under the SLS program, I authorize the s) jointly payable to me and my school. I hereby authorize the refund which may be due me up to the amount of this loan. I nal institution that I may attend, or HEAF, to release to the holder, or their agents, any requested information pertinent authorize the lender, subsequent holder, their agent, the educational institution, or HEAF to make inquiries to or respond to inquiries from my parents (under the SLS program), or prior or subsequent lenders or holders, with respect to my loan application and related docu ments. I also authorize the lender, subsequent holder, their agent or HEAF to release infor mation and make inquiries to the persons I have listed in my loan application as references, for the purpose of learning my current address and telephone number. I also authorize the lender, subsequent holder, their agent or HEAF to check my credit and employment history and to answer questions about their credit experience with me. I certify that the proceeds of this loan will be used for educational purposes for the academic period stated on my loan application at the educational institution named on the application. I understand that I am responsible for repaying any funds that I receive which cannot reasonably be attributed to meeting educational expenses related to attendance at that institution for the loan period stated. I certify that if I am eligible to apply for a Pell Grant, that I have done so or that I have requested my institution to estimate my eligibility for a Pell Grant. I certify that I am a bor rower eligible for participation in the PLUS or SLS program and that I do not owe a refund to any Title IV aid program. I further certify that I have read the materials explaining the federal guaranteed student loan program which have been provided to me and that I understand my responsibilities and my rights under that program.

## SCHOOL CERTIFICATION

I hereby certify that the student named in Section A of this application is accepted for enroll ment or is enrolled as at least a half-time student, and is making satisfactory progress in a program determined to be eligible for this loan program. I further certify that the student has been determined by this institution, under the regulations applicable to this loan program, to be eligible for the loan applied for. I further certify that based upon records available at this institution and due inquiry to the student, the student has satisfied the requirements under the Selective Service Act necessary to receive financial aid, is not in default on any loan made under any Title IV student assistance program, identified in 34 CFR Part 668, and is not liable for a refund on any grant made under any Title IV student assistance program identified in 34 CFR Part 668. I further certify that this institution will comply with all appli cable provisions of federal law and statutes, rules, regulations, policies, and procedures of HEAF in the administration of this loan. The information provided in Sections A and B and this School Certification are complete and correct to the best of my knowledge and belief.

---

AFFIX TO BACK OF PROMISSORY NOTE

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.

2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.

3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

SIGNATURE X *Tracy L. DiBell*
TITLE *Claims Analyst* DATE 10-10-91

F0025 10-87

---

SEXTON, RONALD, E
SSN
CLAIM NO 1953D4C311306 CG-04-93

ORIGINAL PROMISSORY NOTE
*[signature]* 2-9-99
NAME DATE

SLS-A353 2-88

# U. S. DEPARTMENT OF EDUCATION
## SAN FRANCISCO, CALIFORNIA

## CERTIFICATE OF INDEBTEDNESS

Ronald E. Sexton
N/A
26612 Ridgefield
Warren, MI 48089

SSN:

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 03/10/99.

On or about 06/28/88, the borrower executed promissory note(s) to secure loan(s) of $2,625.00 from Central Bank & Trust - Lander, WY at 10% percent interest per annum. This loan obligation was guaranteed by United Student Aid Funds, Inc. and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 03/18/91, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,844.21 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 06/14/93, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $407.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $2,844.21 |
| Interest: | $1,575.92 |
| Administrative/Collection Costs: | $    0.00 |
| Late fees: | $    0.00 |
| Total debt as of 03/10/99: | $4,420.13 |

Interest accrues on the principal shown here at the rate of $0.78 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 4/1/89

Name: 
Title:   Loan Analyst
Branch:  Litigation Branch

**HIGHER EDUCATION ASSISTANCE FOUNDATION**
P.O. BOX 64107 • ST. PAUL, MN 55164-0107

After lender completes application, mail HEAF copy only to this address.

HEAF USE ONLY

**GUARANTEED STUDENT LOAN (GSL) APPLICATION PROMISSORY NOTE**

**SECTION A - TO BE COMPLETED BY BORROWER** (PRINT IN INK—PRESS FIRMLY—OR TYPE)

1. NAME (NO NICKNAMES): LAST: Sexton  FIRST: Ronald  M.I.: E
2. SOCIAL SECURITY NUMBER:
3. WHEN WERE YOU BORN?
4. PERMANENT ADDRESS: 26612 Ridgefield  STATE: MI  City: Warren
5. PERMANENT HOME PHONE: (313) 755-402_
   CITY: Warren  ZIP: 48089
6. U.S. CITIZENSHIP STATUS: 1 ☒ U.S. CITIZEN OR NATIONAL
7. PERMANENT RESIDENT OF WHICH STATE: MI
8a. DRIVER LICENSE NUMBER
8b. STATE IN WHICH LICENSE ISSUED: MI
9. ADDRESS OF BORROWER WHILE IN SCHOOL: 26612 Ridgefield  Warren  MI  48089
10. PHONE AT SCHOOL ADDRESS: (313) 758-7700
11. MAJOR COURSE OF STUDY: 15
12. LOAN AMOUNT REQUESTED: $2625.00
13. LOAN PERIOD: FROM 7-5-88 TO 8-26-88

14. HAVE YOU EVER DEFAULTED ON A GSL, SLS (ALAS), PLUS, PERKINS, CONSOLIDATED, OR INCOME CONTINGENT LOAN? ☒ NO
15a. DO YOU HAVE ANY PRIOR UNPAID GSL LOANS? ☒ NO (GO TO 20a)

**REFERENCES**
20a. NAME: Dan Henson — PARENT/GUARDIAN
    STREET: 31776 Schoenherr
    CITY, STATE, ZIP: Warren MI 48089
20b. NAME: Tom Henson — RELATIVE/FRIEND
    STREET: 11825 Diehl
    CITY, STATE, ZIP: St. Hghts. MI 48077
20c. NAME: Sherri Sexton — RELATIVE
    STREET: 325 N. Groesbeck Apt
    CITY, STATE, ZIP: Mt. Clemens MI 480__

21a. SIGNATURE OF BORROWER: Ron E Sexton / Ronald E Sexton
21b. DATE BORROWER SIGNED: 6-28-88

**SECTION B - TO BE COMPLETED BY SCHOOL**
22. NAME OF SCHOOL: IITR INC
23. ADDRESS: 2943 E 8 MILE ROAD WARREN MI 48091
24. PHONE: (313) 758-7700
25. SCHOOL CODE: 023556
26. SCHOOL BRANCH: 02
28. PERIOD LOAN WILL COVER: FROM 7-5-88 TO 8-26-88
29. STUDENT'S GRADE LEVEL: 1
30. ANTICIPATED GRADUATION DATE: 8-26-88
31. STUDENT STATUS: ☒ INDEPENDENT
32. ADJUSTED GROSS INCOME (AGI): $7078
33. COST OF ATTENDANCE FOR LOAN PERIOD: $3629
34. ESTIMATED FINANCIAL AID: —
35. EXPECTED FAMILY CONTRIBUTION (EFC): —
36. DIFFERENCE: $3629.00
37. SUGGESTED DISBURSEMENT DATES: 1ST DISB: as soon as possible
38. DO SUGGESTED DISBURSEMENT DATES CORRESPOND TO SCHOOL TERMS? YES ☒
39. WILL THE STUDENT ATTEND A FOREIGN SCHOOL? NO ☒
41a. SIGNATURE OF SCHOOL OFFICIAL: N. Karim
41b. DATE: 7-6-88
41c. PRINT NAME AND TITLE: N. KARIM, F.A.O.

**SECTION C - TO BE COMPLETED BY LENDER**
42. NAME OF LENDER: Central Bank & Trust   2901 2970
43. ADDRESS: P.O. Box 69
    CITY, STATE, ZIP: Lander, WY 82520
44. LENDER CODE: 812068
48. LOAN DISBURSEMENTS: MO 7 DAY 21 YR 88  AMOUNT $2,625
50. IS THIS AN UNSUBSIDIZED LOAN? NO ☒
49. TOTAL LOAN AMOUNT APPROVED: $2,625.00
53a. SIGNATURE OF LENDING OFFICIAL
53b. DATE SIGNED: 7-7-88
53c. PRINT NAME AND TITLE: Scott J. Brewster, VP

**SECTION D - TO BE COMPLETED BY HEAF**
SEXTON, RONALD, E
CLAIM NO 1993050301239  06-14-93
SSN            TD    1

LENDER COPY

# GSL PROMISSORY NOTE

## A. PROMISE TO PAY

The Interest, Guarantee Fee, and Origination Fee rates and terms (mentioned in the Promise to Pay on the front of this application/promissory note) are:

**INTEREST**

1) I agree to pay an amount equivalent to simple interest (as specified in (4)) on the unpaid principal balance from the date of disbursement until the entire principal sum and accrued interest are paid in full.

2) However, the U.S. Secretary of Education ("Secretary") will pay the interest that accrues on this loan prior to repayment status and during any deferment, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the Guaranteed Student Loan Program ("GSLP"). In the event that the interest on this loan is payable by the Secretary, neither the lender nor other holder of this Note may attempt to collect this interest from me. I may, however, choose to pay this interest myself.

3) Once the repayment status begins I will be responsible for payment of all interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note.

4) The interest rate will be determined according to the following:
  a. If I have an outstanding Guaranteed Stu... applicable interest rat...
  b. If I am borrowing f... outstanding GSL(s), t...
  c. If I am borrowing fo... outstanding GSL(s) bu... Supplemental Loans f... or on any Consolidatio... that date, the applicab...
  d. If I am borrowing for... outstanding balance o... that date or on any Co... ning before that date, t... year of my repayment...

5) The applicable intere...
  a. until the end of the fo...
  b. beginning with the fif...

6) I may also receive rel... when the applicable int...

7) The lender or other h... balance (capitalization)... the Higher Education A...

I understand that if I am...
 (a) during the period I a... in Section D below, and... F below.

**GUARANTEE FEE**

8) HEAF may charge a... applicable regulations a... deducted proportionatel... refund except for the am... the lender's option, be a... ment will show the actua...

**ORIGINATION FEE**

9) The Origination Fee v... federal law and will be re... rata, on undisbursed am... check is not cashed within...

## B. DISCLOSURE

I understand that before... statement that identifies a...

## C. GENERAL

I understand that the len... because of this, the loan... accordance with, Title IV,... federal regulations adopt... not governed by federal la... lender is located.

## D. REPAYMENT

I will repay this loan in peri... the end of my grace perioc...

However, during the grace period begins when I ceas... that is participating in the Guaranteed Student Loan Program (GSLP).

1) I will repay this loan over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:
  a. If, during the grace period, I request a shorter repayment period, the lender may grant me a shorter period. In that event, I may later choose to have the repayment period extended to 5 years.
  b. The lender may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I—or, if both my spouse and I have GSL, PLUS or SLS program loans outstanding, we—pay toward principal and interest at least $600 of the unpaid principal of all such loans (plus interest).
  c. If I qualify for postponement of my payments during any period described under Deferment in this Note, or if the lender grants "forbearance", as allowed by the Act, those periods will not be included in the 5- and 10-year periods mentioned above.

2) I must contact the lender prior to expiration of my grace period to negotiate the terms of repayment. If I neglect to do so, I hereby authorize the lender to establish repayment terms within the guidelines set forth in Paragraph 1 of this Section, without my further approval; however, the lender must inform me of these terms in writing at the latest address that I have provided to the lender.

3) The particular terms and conditions of repayment that apply to this loan will be set forth in a separate document that the lender will provide to me before the repayment period begins.

4) My obligation to repay this loan shall be cancelled if I become totally and permanently disabled or die.

## E. PREPAYMENT

At my option and without penalty, I may prepay at any time all or any part of the unpaid principal balance of this Note. In the event of prepayment, I will be entitled to a refund of any unearned interest that I have paid. The amount of any such rebate will be computed by the same method by which interest payments were computed.

---

## AFFIX TO BACK OF PROMISSORY NOTE

Pay to the order of Higher Education Assistance Foundation ("HEAF") without recourse, provided, however, notwithstanding this indorsement without recourse, the undersigned hereby expressly:

1. Warrants that:
   a) no defense of any party is good against the undersigned; and
   b) the undersigned is not in default under the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and HEAF, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by HEAF.

2. Disclaims the implied warranty that it has no knowledge of any insolvency proceeding instituted with respect to the maker of this instrument and instead warrants that to the extent it has knowledge of any such proceeding it has disclosed the same to HEAF, but no other implied warranties are hereby disclaimed.

3. Acknowledges that:
   a) upon payment in full by HEAF of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, HEAF will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and
   b) notwithstanding payment by HEAF of the undersigned's claim and acceptance by HEAF of transfer of this instrument in consideration thereof, HEAF has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.

| SIGNATURE | | |
|---|---|---|
| X *Tracy L. DiBello* | | |
| TITLE | | DATE |
| *Claims Analyst* | | 10-10-91 |

F0025   10-87

---

## F. DEFERMENT

I understand that in certain instances authorized by the Act the payments I am required to make,... described under Repayment in this Note, may be deferred. The instances currently authorized f... the Act are described under Deferment in the HEAF application information booklet. To obtain suc... deferment, I agree to comply with the relevant federal regulations and the Rules and Regulation... of the HEAF, including, without limitation, submission of required forms to the lender.

## G. FORBEARANCE

If I am unable to repay this loan in accordance with the terms established under Repayment in th... Note, I may request the lender to modify these terms. I understand that such modification would b... at the lender's option and would have to be in compliance with the Act, federal regulations adopte... under the Act and the Rules and Regulations of HEAF. I understand that a modification of repay... ment terms under this Section is different from Deferment (as described in this Note) and that du... ing this period I will remain responsible for payment of interest, which the lender may (a) collect fro... me on a periodic basis or (b) add to the principal balance of this loan.

## H. DEFAULT

1) Definition—I understand that under the Act, and HEAF Rules and Regulations, any of the follow... ing events is a default:
  a. failing to make any installment payment when due, provided that this failure persists for 180 day... monthly installments or 240 days for a loan repayable in less frequen...
  ...sentation for the purpose of obtaining this loan;
  ...s for other than educational purposes;
  ...school that completed the application for the time identified as my loan...
  ...r immediately if I (a) drop to less than a half-time student, (b) change m... ge my name, or (d) change my permanent address.

...ult—If I default on this loan:
  ...the entire unpaid amount of the loan, including interest, immediately due
  ...uaranty agency may disclose to schools I have attended (or am currently ...ut the default;
  ...ive assistance from all Title IV programs and any of the following federa... oplemental Educational Opportunity Grant, College Work-Study, State ...erkins Loan (formerly called National Direct Student Loan), Guaranteed ...lemental Loan for Students (SLS), PLUS loans, or Consolidation Loans; benefits described under Repayment and Deferment in this Note;
  ...s and other costs, including attorney's fees, that are permitted by feder al ... collection of these amounts. If this loan is referred for collection to an ... he Fair Debt Collection Practices Act, I will pay collection costs not to ...npaid principal and accrued interest. Declaring these amounts immedi... the option of the lender, which it may do only after complying with appli... juirements of law. Failure to exercise this option does not constitute a ...to exercise the option at a later date;
  ...is Note to HEAF. I will then be required to pay HEAF all amounts owed

...er may collect from me a late charge if I fail to pay all or part of a required 10 days after it is due or if I fail to provide written evidence that verifies ...ment deferred as described under Deferment in this Note. A late charge each dollar of each late installment.

## J. NOTIFICATION

...amount of this loan and its repayment will be reported to one or more ... If I default on this loan, the lender, holder or guaranty agency will also bureau organizations. This may significantly and adversely affect my ... The lender, holder or guaranty agency must notify me at least 30 days ...about the default will be disclosed to credit bureau organizations unless ...loan within the 30 days. The lender must provide a timely response to ...ireau organization regarding objections I might raise with that organi... d completeness of information reported about me.

## [VER]IFICATION

...rjury under the laws of the United States of America that the following ...rower, certify that the information contained in my application for this ...rrect to the best of my knowledge and belief and is made in good faith ...rize the lender to make my loan check(s) jointly payable to me and my ... e school to pay to the lender any refund which may be due me up to ...her authorize any educational institution that I may attend or HEAF to ...tion, subsequent holder, or their agents, any requested information ...ployment, enrollment status, prior loan history, current address). I also ...ent holder, their agent, the educational institution, or HEAF to make ...iries from my parents, or prior or subsequent lenders or holders, with ...and related documents. I also authorize the lender, subsequent holder, ...e information and make inquiries to the persons I have listed in my ..., for the purpose of learning my current address and telephone num... s of this loan will be used for educational purposes for the academic ...plication at the educational institution named on the application. I ...to meeting my educational expenses related to attendance at that institution for the loan period stated. I certify that I am a borrower eligible for participation in the GSL program and that I do not owe a refund to any Title IV aid program. I certify that if I am eligible to apply for a Pell Grant, that I have done so or that I have requested my institution to estimate my eligibility for a Pell Grant. I further certify I have read the materials explaining the federal guaranteed student loan program which have been provided to me and that I understand my responsibilities and my rights under that program.

## SCHOOL CERTIFICATION

I hereby certify that the student named in Section A of this application is accepted for enrollment or is enrolled as at least a half-time student, and is making satisfactory progress in a program deter mined to be eligible for this loan program. I further certify that the student has been determined by this institution, under the regulations applicable to this loan program, to be eligible for the loan applied for. I further certify that based upon records available at this institution and due inquiry of the student, the student has satisfied the requirements under the Selective Service Act necessary to receive financial aid, is not in default on any loan made under any Title IV student assistance program identified in 34 CFR Part 668, and is not liable for any refund of any grant made under any student assistance program identified in 34 CFR Part 668. I further certify that this institution will comply with all applicable provisions of Title IV and HEAF regulations, policies, and procedures of HEAF. Certification Letter and applicable loan. The information provided in Sections A and B and this School Certification is true, complete, and correct to the best of my knowledge and belief.

I CERTIFY UNDER PENALTY OF
PERJURY THAT THIS IS A TRUE
AND EXACT COPY OF THE
ORIGINAL PROMISSORY NOTE

NAME: *Joy Bell*   DATE: 5-5-99

L-A304 A305 A307   2-88